James Dickey HOLCOMB, Appellant,

v.

RANDALL'S FOOD MARKETS, INC.; Weingarten Realty Management Company; and Robert Randall Onstead, Jr., Individually, Appellees.

No. 01–94–00369–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 1995.

Jim Tatum, Houston, for appellant.

Mike Johanson, Mike Morris, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and ANDELL and FARRIS *, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appellees, Randall's Food Markets, Inc.; Weingarten Realty Management Company; and Robert Randall Onstead, Jr., in a negligence action brought by appellant, James Dickey Holcomb, after a Randall's customer allegedly followed him to the home of his ex-wife where the customer robbed and shot Holcomb. In six points of error, Holcomb contends that the trial court erred in granting summary judgment in favor of appellees. We affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL POSTURE

In August of 1991, Holcomb was robbed and shot at the home of his ex-wife, Ester Niles, which resulted in him being paralyzed from the chest down. Holcomb claimed that he had been targeted for the theft while shopping at a nearby West Houston Randall's grocery store approximately three hours earlier.

Holcomb sued appellees, claiming that they were negligent and grossly negligent by failing to warn their customers that "a band of human hyenas" was targeting Randall's customers who wore Rolex watches to later assault and rob. Weingarten's owns and manages the shopping center where the store is located and Robert Randall Onstead, Jr. is the president and chief operating officer for Randall's Food Markets, Inc. All appellees filed motions for summary judgment based on the proposition that owners and occupiers of property do not have a duty to protect

* The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas, sitting by assignment.

against criminal acts of third parties that occur off the premises. The trial court granted the motions, and Holcomb now appeals.

## II. STANDARD OF REVIEW

■ Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R.CIV.P. 166a(c). If a defendant conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law, summary judgment is proper. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Once a defendant has produced competent evidence to negate a necessary element of the nonmovant's cause of action, the burden shifts to the nonmovant to introduce evidence that raises an issue of fact on that element. *Id.*

■ In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

## III. ANALYSIS

■ Holcomb's cause of action rests upon the purported negligence or gross negligence of the appellees. The elements of a common-law negligence cause of action are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Appellees' motions for summary judgment were based on the assertion that they owed no legal duty to Holcomb, thus defeating one element of his cause of action. In six points of error, Holcomb contends that appellees did owe him a duty.[1]

■ The threshold inquiry in a negligence action is determining whether the defendant owed a duty to the plaintiff. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Existence of a duty is a question of law. *Greater Houston Transp. Co.*, 801 S.W.2d at 525. Imposition of a duty involves several factors, including "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the defendant." *Id.* Traditionally, courts have considered foreseeability to be the most significant of these factors. *Id.*

Holcomb argues that appellees had a duty to warn customers who wore Rolex watches that there was a possibility that they would be targeted in Randall's, followed to another location, and later assaulted and robbed. Appellees claim that they have no duty to protect persons who are assaulted on premises that they do not own, control, or manage as a matter of law.

■ Generally, a defendant has no duty to prevent the criminal acts of third parties who are not under the defendant's supervision or control. *See Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex.1993) (citing *El Chico*, 732 S.W.2d at 313); *LaFleur v. Astrodome–Astrohall Stadium Corp.*, 751 S.W.2d 563, 564 (Tex.App.—Houston [1st Dist.] 1988, no writ). An exception to this rule arises when the criminal conduct is the result of a defendant's negligence. *Midkiff v. Hines*, 866 S.W.2d 328, 332 (Tex.App.—Houston [1st Dist.] 1993, no writ). When criminal conduct is *foreseeable*, the defendant has a duty to prevent injuries to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured. *Id.* Most cases that discuss tort liability for the criminal act of a third party, however, deal with occurrences that happen on the defendant's premises. *See, e.g., Nixon*, 690 S.W.2d at 546 (minor raped in vacant unit of apartment complex managed by defendant); *Midkiff*, 866 S.W.2d at 332 (dece-

---

1. Since all six of Holcomb's points of error center upon the issue of duty, we will treat them together.

515

dent shot while sitting in vehicle in drive-through line at restaurant).

The underlying theory in these cases is that the defendant has the power to control his premises and, therefore, if criminal conduct is foreseeable, he has a duty to take reasonable precautions. *Nixon,* 690 S.W.2d at 546; *Midkiff,* 866 S.W.2d at 332. The duty arises from his occupation of the premises. *LaFleur,* 751 S.W.2d at 564. By occupying or controlling the premises, the defendant has the power of control and expulsion over the third party. *Id.* Generally, liability follows control. *Barefield v. City of Houston,* 846 S.W.2d 399, 403 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The duty *ordinarily* does not extend beyond the limits of the defendant's control. *Id.; Dixon v. Houston Raceway Park, Inc.,* 874 S.W.2d 760, 762 (Tex.App.—Houston [1st Dist.] 1994, no writ).

There is no summary judgment proof in this case demonstrating that appellees either controlled, or had any right to control, the premises where the perpetrator first started following Holcomb or where the assault occurred. Holcomb contends, however, that the targeting and subsequent attacks were foreseeable and, therefore, appellees still had a duty to warn him.

The summary judgment evidence did show that prior to Holcomb's attack, Randall's had received a letter from the husband of a woman who was allegedly followed home from the Randall's location in question and attacked and robbed. The letter surmised that the customer was targeted and followed from Randall's. Other than this letter, there was no summary judgment evidence that showed appellees had knowledge that the incident occurred as alleged or that they had any knowledge of any other similar prior incidents. No summary judgment proof showed that either Randall's or Holcomb had any knowledge that the assailant involved in the attack on Mr. Holcomb had ever been on Randall's premises. In fact, Holcomb could have been targeted at any number of locations before the incident occurred. The summary judgment evidence did not show that Randall's had been Holcomb's only stop that evening. The summary judgment proof sim-

ply did not rise to the level of foreseeability needed to establish an off-premises duty to warn. We do not hold that there can never be a duty to warn. However, under the circumstances of this case, there is no summary judgment evidence to raise a fact issue. Therefore, the trial court correctly granted appellees' motions for summary judgment.

We overrule appellant's six points of error.

We affirm the trial court's judgment.