Laurie Ann **GONZALEZ**, Appellant,

v.

**SOUTH DALLAS CLUB**, Appellee.

No. 12–96–173–CV.

Court of Appeals of Texas,
Corpus Christi.

May 29, 1997.

David E. Wood, Garcia & Lopez, Edinburg, for Appellant.

Hugh P. Touchy, Willette, Guerra & Trevino, Brownsville, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellant, Laurie Ann Gonzalez, appeals from a summary judgment rendered in favor of appellee, South Dallas Club. In two points of error, appellant complains that the trial court erred in granting appellee's motion for summary judgment. Because we find that appellee did not owe a duty to appellant under the facts of this case, we affirm the summary judgment as it relates to appellant's negligence claims. However, because appellee's summary judgment proof was insufficient to prove its affirmative defense to appellant's dram shop claims, we reverse and remand that portion of the summary judgment.

On August 10, 1990, appellant went to South Dallas Club, a nightclub that sells alcoholic beverages, with a group of friends. While there, a fight broke out between one of appellant's friends and a man and a woman from another group of people at the club. Appellee's employees were forced to break-up the fight but, according to appellant, tempers were still flaring. Even after the fight was over, the individuals involved in the fight threatened to cause physical harm to appellant and her friends later that night. Appellant and other members of her group informed appellee's employees of that threat.

At closing time, appellee's employees allowed appellant and her friends to leave the nightclub through a back door so as to avoid any contact with members of the other group. Appellant and her friends safely

reached their cars and drove away. Within minutes after leaving, and only one mile from appellee's premises, another altercation broke out between individuals in the same two groups. This altercation resulted in appellant being hit and seriously injured by a pick-up truck driven by the woman who had been involved in the earlier fight at appellee's nightclub. Appellant had exited her vehicle and was on foot at the time the woman drove the pick-up into her.

Appellant sued appellee to recover compensation for her personal injuries and damages. Appellant's action against appellee was based on two grounds of recovery: (1) negligence in failing to provide adequate security and to summon the police to the club, and (2) Dram Shop Liability for selling alcoholic beverages to the driver of the pick-up in violation the Texas Alcoholic Beverage Code. Appellant also sued the owner of the pick-up truck.[1]

In July 1993, appellee moved for summary judgment on appellant's claims under the Alcoholic Beverage Code. Specifically, appellee asserted that it was entitled to judgment as a matter of law because it established that it was entitled to the affirmative defense set forth in section 106.14 of the Alcoholic Beverage Code.[2] On November 12, 1993, the trial court granted partial summary judgment as to appellant's claims under the Alcoholic Beverage Code.

In May 1994, after filing special exceptions, appellee moved for summary judgment on appellant's negligence and premises liability claims. Specifically, appellee asserted that because the incident occurred off the premises of appellee, there was no duty as a matter of law on the part of appellee to guard against another's criminal conduct. On January 11, 1995, the trial court granted this motion for summary judgment.

On February 22, 1996, the trial court properly granted appellant's motion to sever which severed appellant's claims against appellee from her claims against the only other defendant, Joseph Mendoza. This appeal followed.

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). When a defendant moves for summary judgment, he is required to either (1) disprove as a matter of law at least one essential element of each of the plaintiff's causes of action, or (2) plead and conclusively establish each essential element of an affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). In determining whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true, and all reasonable inferences are indulged in his favor. *Nixon,* 690 S.W.2d at 548–49.

The non-movant does not have a burden to respond to a motion for summary judgment unless a movant establishes his right to judgment as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). If the movant has met his burden, however, it is incumbent upon the non-movant to respond to the movant's evidence and to present contrary evidence sufficient to create a fact issue, or else risk an adverse ruling. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *City of Houston,* 589 S.W.2d at 678; *Musgrave v. Lopez,* 861 S.W.2d 262, 263 (Tex.App.—Corpus Christi 1993, no writ). A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if that evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies,

---

1. The truck was owned by Joseph Mendoza, a person who had no other connection to this incident.

2. TEX. ALCO. BEV.CODE ANN. § 106.14 (Vernon 1995)(affirmative defense to those commercial providers of alcohol who require their employees to complete an approved training course).

and could have been readily controverted. Tex.R. Civ. P. 166a(c).

### DUTY

In her first point of error, appellant argues that the trial court erred in rendering summary judgment on the grounds that a premises owner has no duty to protect its patrons against intentional torts committed by third parties if the injuries sustained by the customer occur off the premises. Specifically, appellant contends that because the initial contact between the parties occurred on the business premises and because the criminal conduct was foreseeable, appellee owed her a duty to protect her against the criminal actions of another patron, regardless of where the injury occurred. Under the facts of this case, we disagree.

 Duty is one of three essential elements under a negligence cause of action. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987). It is the threshold question in a negligence case. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The existence of a legal duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Golden Spread Council, Inc. No. 562 of Boy Scouts of America v. Akins,* 926 S.W.2d 287, 289 (Tex.1996); *Bird v. W.C.W.,* 868 S.W.2d 767, 769 (Tex.1994). In determining whether a duty exists as a matter of law, the trial court considers risk, foreseeability, and likelihood of injury, weighed against social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *NationsBank, N.A. v. Dilling,* 922 S.W.2d 950, 954 (Tex.1996); *Durham Transp., Inc. v. Valero,* 897 S.W.2d 404, 410 (Tex.App.—Corpus Christi 1995, writ denied). The foremost and most dominant consideration is foreseeability. *El Chico,* 732 S.W.2d at 311.

 As a general rule, defendants have no duty to prevent the criminal acts of a third party who does not act under defendants' supervision or control. *Haight v. Savoy Apartments,* 814 S.W.2d 849, 853 (Tex. App.—Houston [1st Dist.] 1991, writ denied). However, an exception exists when the criminal conduct is the foreseeable result of defendants' negligence. *Midkiff v. Hines,* 866 S.W.2d 328, 332 (Tex.App.—Houston [1st Dist.] 1993, no writ); *LaFleur v. Astrodome–Astrohall Stadium,* 751 S.W.2d 563, 564 (Tex. App.—Houston [1st Dist.] 1988, no writ). In such cases, defendants have a duty to prevent injuries to others if it reasonably appears, or should appear, to them that others in the exercise of their lawful rights may be injured. *El Chico,* 732 S.W.2d at 314.

However, most cases discussing tort liability for third-party criminal acts share a common circumstance: the criminal act for which the negligent defendants are sued occurs on the defendants' premises. *Randle v. Stop N' Go Markets of Texas, Inc.,* 929 S.W.2d 17, 20 (Tex.App.—Houston [1st Dist.] 1996, no writ); *Holcomb v. Randall's Food Markets, Inc.,* 916 S.W.2d 512, 515 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *LaFleur,* 751 S.W.2d at 565 (citations omitted). The underlying theory behind these cases, and the key to resolving this case, is that the duty to provide protection arises from the defendant's "power of control or expulsion that his occupation of the premises gives him over the conduct of a third person who may be present." *LaFleur,* 751 S.W.2d at 565; *see also Randle,* 929 S.W.2d at 20; *Holcomb,* 916 S.W.2d at 515; *Morris v. Barnette,* 553 S.W.2d 648, 649 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.)(quoting Prosser, *The Law of Torts* 405 (3rd ed.1964)). The duty ordinarily does not extend beyond the limits of the defendant's control. *Holcomb,* 916 S.W.2d at 515.

 In the present case, it is uncontested that appellees neither controlled nor had any right to control the premises where the third party assault occurred. Both appellant's petition and the summary judgment evidence presented by appellee show that appellee had no interest in the public intersection where the appellant was injured. Therefore, appellant had no duty to provide security to appellant at the intersection. *Barefield v. City of Houston,* 846 S.W.2d 399, 403 (Tex.App.—

Houston [14th Dist.] 1992, writ denied); *La-Fleur*, 751 S.W.2d at 565.

Appellant argues, however, that because the initial contact with the third party occurred on appellee's premises and because, under the facts of this case, the criminal actions of the third party were foreseeable, appellee owed a duty to protect her from the criminal activity that was an outcrop of the initial contact. In support of this contention, appellant refers us to *Randle v. Stop N' Go Markets of Texas, Inc.*, 929 S.W.2d 17 (Tex. App.—Houston [1st Dist.] 1996, no writ). In *Randle*, a man approached a boy inside a convenience store and asked the boy if he would like to make $25. The boy followed the man to a location off the store's premises, and the man then sexually assaulted the boy. The boy brought suit against the convenience store owner alleging that it was negligent in failing to provide adequate security. The trial court granted summary judgment in favor of defendants and the boy appealed. The appellate court affirmed the summary judgment in favor of the defendant, but in doing so, held that since the conversation between the boy and the man was all that occurred on the store premises, and because there was no summary judgment evidence to indicate that Stop N' Go had knowledge of any similar prior incidents, the store had no duty to protect the customer because it "could not have foreseen the need to take action against third-party criminal activity occurring off their premises as a result of on-premise contact." *Id.* at 20. Appellant argues that this suggests that if the facts had indicated foreseeable harm, then the store's duty to protect the customer would have been triggered.

As stated above, the duty to provide protection arises from appellee's "power of control or expulsion" that their occupation of the premises gives them over the conduct of a third person who may be present. *Randle*, 929 S.W.2d at 20. The conduct of the third person in the case at hand, while on appellee's premises, consisted of an altercation with one of appellant's friends, followed by a

threat of future violence. We decline to hold that these actions gave rise to a duty to control or expel the third person. Appellant provided no evidence that on-premise fighting at appellee's nightclub has ever led to continued fighting and injury off appellee's premises.[3] Additionally, the record reveals that appellee's employees, after learning of purported threats of violence, sneaked appellant and her friends out the back door. Appellant and her friends safely reached their cars and drove off the premises. At that point, it was no longer foreseeable by appellee that appellant and her group would be harmed by the criminal actions of a third party, regardless of where the initial contact between the parties was made. Accordingly, we find, as did the Houston Court of Appeals in *Randle*, that appellee could not have foreseen the need to take action against third-party criminal activity occurring off their premises as a result of on-premise contacts.

We conclude that appellee had no duty to protect appellant against the criminal and/or negligent conduct of the third party that occurred off appellee's premises. Appellant's first point of error is overruled.

### AFFIRMATIVE DEFENSE

In her second point of error, appellant argues that the trial court erred in granting partial summary judgment with regard to appellant's claims against appellee in connection with selling, providing, or serving alcoholic beverages. Specifically, appellant contends that appellee's summary judgment proof with regard to its affirmative defense under section 106.14 of the Texas Alcoholic Beverage Code, is insufficient as a matter of law. We agree.

The Dram Shop Act in Texas provides the exclusive basis for the civil liability of commercial providers of alcohol who provide, sell, or serve an alcoholic beverage to an adult who is obviously intoxicated. TEX. ALCO. BEV. CODE ANN. § 2.03 (Vernon 1995); *see also Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993). The statute further provides an affirmative defense to those commercial provid-

---

**3.** Appellant's response to appellee's motion for summary judgment states only that "Plaintiff [appellant] intends to file a brief and/or present case law to the Court as soon as possible to show that Defendant's [appellee's] motion for summary judgment should be denied."

ers of alcohol who require their employees who serve alcohol to complete an approved training course. *Pena v. Neal, Inc.*, 901 S.W.2d 663, 667 (Tex.App.—San Antonio 1995, writ denied). Under this affirmative defense, the actions of an employee in selling or serving alcoholic beverages to an intoxicated person shall not be attributable to the employer if (1) the employer requires its employees to attend a commission-approved seller training program, (2) the employees have actually attended such a training program, and (3) the employer has not directly or indirectly encouraged the employee to violate such law. TEX. ALCO. BEV.CODE ANN. § 106.14(a) (Vernon 1995). Appellee was granted summary judgment based on this section of the code.

Our review of the record reveals that appellee has not met its burden in moving for summary judgment on this affirmative defense.

The affidavits of Arnaldo Ramirez and David Aaron Trevino, reflected that appellee required its employees to attend a commission-approved seller training program in compliance with the Alcoholic Beverage Code. These affidavits were sufficient to show that the employer required its employees to attend such a program, thus fulfilling the first requirement under a section 106.14 affirmative defense.

The affidavit of Enrique Maldanado, owner of Maldanado Business Services, stated, among other things, that he owned an organization which conducted a program meeting all requirements set forth by the TABC for a seller training program, and that the employees of appellee responsible for serving alcohol on the night of the incident were all duly certified under the program. Accordingly, Maldanado's affidavit was sufficient to show that appellee's employees attended the required training course, thus fulfilling the second requirement under a section 106.14 affirmative defense.

■ However, the only summary judgment evidence that appellee did not "directly or indirectly encourage" an employee to violate such law is Ramirez's statement, in his affidavit, that appellee "held weekly staff meetings in which conformance with TABC

regulations regarding serving alcoholic beverages was discussed." It is clear that a statement which merely tracks the language of the affirmative defense is insufficient to prove the lack of such encouragement to violate the law. *See Pena*, 901 S.W.2d at 667 (conclusory statement in affidavit of owner of store that neither he nor anyone else had directly encouraged employee of store to violate Alcoholic Beverage Code or to sell alcoholic beverages to intoxicated person was insufficient to establish that owner was entitled to summary judgment in Dram Shop action based on safe harbor provision of statute for sellers of alcoholic beverages who require employees to attend training sessions). Although the affidavit of Ramirez does not track the language of the third element of the affirmative defense, his statement regarding the holding of weekly meetings to *discuss conformance* with TABC regulations provides us with no more information than would such a conclusory statement.

Encouragement to violate the liquor laws in question, i.e., to serve alcohol to an obviously-intoxicated patron, may take many subtle forms. Negation of any direct or indirect encouragements would require a more detailed factual analysis of the circumstances under which alcoholic beverages were being sold and served. Ramirez's statement that appellee held weekly meetings to discuss conformance with TABC regulations tells us nothing about appellee's policy regarding compliance with the code. We hold that appellee failed to conclusively prove the last element of its affirmative defense. Appellant's second point of error is sustained.

Accordingly, to the extent the summary judgment was based on appellant's Dram Shop cause of action, the judgment of the trial court is reversed and remanded. The judgment of the trial court is, in all other respects, affirmed.