NUMBER 13-98-486-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MARIA OLGA NARANJO, Appellant,


v.



JOSE NARANJO, Appellee.

____________________________________________________________________


On appeal from the 94th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa



 This is an appeal from a summary judgment granted against
appellant, Maria Olga Naranjo. Maria sued her husband, Jose Naranjo,
for personal injuries which she sustained in a vehicular collision. Maria
was riding as a passenger in the vehicle driven by Jose at the time of
the accident. By a single issue, Maria contends Jose's summary
judgment proof does not establish as a matter of law that there is no
genuine issue of material fact as to the "breach of duty" element of her
cause of action.

A. Background


 On April 14, 1995, Maria and Jose were involved in an automobile
accident. Jose, the driver of the vehicle, was attempting to make an
unprotected left-hand turn on a green light at an intersection. Maria
was a passenger in the vehicle. Upon making the turn, the Naranjos'
vehicle collided with another vehicle. Jose received a traffic citation for
failing to yield the right-of-way.

 On January 30, 1996, Maria filed suit against Jose for negligence. 
Maria alleged that Jose had failed to yield the right-of-way to another
vehicle, failed to apply his brakes, and failed to keep a proper lookout. 
She alleged that Jose's negligence was the cause of the collision and
a proximate cause of the injuries that she suffered from the accident. 
On January 10, 1997, Jose moved for summary judgment on the
ground that section 72.001 of the Texas Civil Practice and Remedies
Code forbade a cause of action by a wife against her husband. On
February 4, 1997, the trial court granted Jose's motion. On February
10, 1997, Maria filed a motion for new trial claiming the motion for
summary judgment was granted on the basis of an unconstitutional
statute. The trial judge granted the motion for new trial on April 10,
1997.

 On February 17, 1998, Jose filed his second motion for summary
judgment on the ground that, as a matter of law, there remained no
genuine issue of material fact as to one essential element of the
plaintiff's cause of action -- that he breached his duty of care to Maria
prior to and/or during the automobile collision. The trial court granted
Jose's motion on June 24, 1998.

B. Standard of Review


 The proper inquiry on appeal is whether the defendant, in seeking
summary judgment, fulfilled his initial burden to: (1) establish as a
matter of law that there remains no genuine issue of material fact as to
one or more essential elements of the plaintiff's cause of action, or (2)
establish his affirmative defense to the plaintiff's cause of action as a
matter of law. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In deciding
whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant must be taken as true. 
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 474 (Tex. 1995); Nixon,
690 S.W.2d at 549. Every reasonable inference must be indulged in
favor of the non-movant and any doubts resolved in her favor. Nixon,
690 S.W.2d at 549. Where the trial court does not specify on what
ground it granted summary judgment, the appellant must argue that
every ground in the summary judgment motion is without merit. Star-Telegram, Inc., 915 S.W.2d at 473. The appellate court must affirm if
any one of the movant's theories on a particular issue has merit. Id.


C. Analysis


 Jose moved for summary judgment on the ground that, as a
matter of law, there remained no genuine issue of material fact as to
one essential element of the plaintiff's cause of action -- that he
breached his duty of care to Maria since Maria affirmatively stated in
her deposition that he was driving in a "reasonably careful" manner at
the time the accident occurred. In addition, Jose argued that Maria
admitted he was being attentive and prudent and did not do anything
unreasonable at the time the automobile collision occurred. In support
of these grounds, Jose included as summary judgment proof, Maria's
deposition which stated, in relevant part, as follows:

Q. You were on Staples and you were going to make a
left-hand turn?


A. Uh-huh.

 

Q. The car you were involved with in this accident, Mr.
Cantu's car, was coming from the other direction?

 

A. It was coming south.

 

Q. Okay.


A. It was coming, yes, from the south.


Q. And ya'll turned left in front of that?


A. Yes.


Q. Did you ever see Mr. Cantu's car before he hit you?


A. No, sir.


Q. At the time you were riding with your husband, were
ya'll just talking, or watching traffic?


A. No, we were just watching the traffic. We were not
talking at the moment.


Q. Do you feel like your husband was attempting to be
careful when he was driving?


A. Yes, he was.


Q. Do you think he did anything to intentionally hurt you?


A. No, sir, I don't think so.


Q. Do you feel like your husband was being reasonably
careful?


A. Yes, sir.


Q. Do you think he was doing anything unreasonable?


A. No.


Q. Did your husband have a green light?


A. Yes, sir, he did.


Q. Do you know where Mr. Cantu's vehicle had been
before it just suddenly, I think you said, sort of
appeared?


A. No, sir, I don't have any idea.


Q. Never saw it?


A. No, sir.


Q. When was the first time you saw Mr. Cantu's vehicle?


A. Just right after the accident when he hit us.


Q. You never saw it before he hit you?

 

A. No, sir.


 In her respose to Jose's motion for summary judgment, Maria
asserted that her deposition statements about Jose's conduct did not
negate the existence of a genuine issue of material fact as to Jose's
negligence. Maria's summary judgment proof included: (1) Jose's
answers to interrogatories -- which establish that he received a traffic
citation for failing to yield the right-of-way when making the left-hand
turn and that he paid a fine for the citation;(1) (2) Jose's deposition --
which establishes that he attempted to make an unprotected left-hand
turn and did not ever see the oncoming vehicle which struck his vehicle;
and (3) a certified copy of the final judgment in a case styled Carlos
Cantu v. Jose Naranjo.

 The elements of a common-law negligence cause of action are: 
(1) a legal duty owed by one person to another; (2) a breach of that
duty; and (3) damages proximately resulting from the breach. Holcomb
v. Randall's Food Markets, Inc., 916 S.W.2d 512, 514 (Tex.
App.--Houston [1st Dist.] 1995, writ denied). The occurrence of an
accident or a collision is not of itself evidence of negligence. Smith v.
Central Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.--Houston
[14th Dist.] 1989, writ denied). The threshold inquiry in a negligence
action is determining whether the defendant owed a duty to the
plaintiff. See El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). 
Existence of a duty is a question of law. Holcomb, 916 S.W.2d at 514.

 Section 545.151(a) of the transportation code provides that:

(a) An operator approaching an intersection:


 (1) shall stop, yield, and grant immediate use of the
intersection in obedience to an official
traffic-control device, including a stop sign or
yield right-of-way sign; and


 (2) after stopping, may proceed when the
intersection can be safely entered without
interference or collision with traffic using a
different street or roadway.

Tex. Transp. Code Ann. § 545.151(a) (Vernon 1999). Every person
operating an automobile on a highway is charged with the duty of
exercising ordinary care, not only for his or her own safety, but for the
safety of others, who may be using the same highway; failure to
observe such care is negligence. Magnolia Petroleum Co. v. Owen, 101
S.W.2d 354, 358 (Tex. Civ. App.--Dallas 1936, writ dism'd w.o.j.). The
driver is in charge of the automobile, and the law imposes upon him the
duty, when driving on a public highway or street, to use care constantly
in keeping a lookout. Harper v. Texas & Pac. Ry. Co., 146 S.W.2d 426,
427 (Tex. Civ. App.--Eastland 1940, writ ref'd). Proper lookout is such
lookout as would have been kept and maintained by a person of
ordinary prudence in the exercise of ordinary care under the same or
similar circumstances on the occasion in question. Cooper v. United
States, 897 F. Supp. 306, 308 (E.D. Tex. 1995) (citing Lynch v. Ricketts,
314 S.W.2d 273, 275 (Tex. 1958)). Therefore, Jose had a legal duty to
obey the traffic signal and exercise reasonable care in making the
unprotected left-hand turn. In order to decide whether the trial court
erred in granting Jose's motion for summary judgment, we must
determine whether Jose breached his duty to exercise reasonable care.

 The Texas Supreme Court has held that a party's testimonial
declarations that are contrary to her position are quasi-admissions and,
generally, treated merely as some evidence. Mendoza v. Fidelity &
Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980). If the
quasi-admission meets certain requirements, then recovery is precluded
as a matter of public policy. Id. Underlying this public policy decision
is the notion that it would be unjust to allow a party to recover after she
has sworn herself out of court by clear, unequivocal testimony. Id. 
Therefore, a quasi-admission will be treated as a judicial admission if it
appears that:

(1) The declaration relied upon was made during the
course of a judicial proceeding.

 

(2) The statement is contrary to an essential fact embraced
in the theory of recovery or defense asserted by the
person giving the testimony.

 

(3) The statement is deliberate, clear, and unequivocal. 
The hypothesis of mere mistake or slip of the tongue
must be eliminated. 


(4) The giving of conclusive effect to the declaration will be
consistent with the public policy upon which the rule
is based.


(5) The statement is not also destructive of the opposing
party's theory of recovery. 


Id.

 After considering Maria's statements that: (1) she and Jose "were
just watching traffic," (2) Jose was attempting to be careful, (3) Jose
was being reasonably careful, (4) Jose was not doing anything
unreasonable, and (5) that she, herself, never saw the vehicle they
collided with until after the accident, we conclude that Maria's
testimony meets the above requirements and, thus, the statements
must be treated as judicial admissions. The admissions eliminate what
otherwise would have been a disputed fact issue regarding Jose's
breach of his duty of reasonable care. Accordingly, we hold the trial
court did not err in granting Jose's motion for summary judgment. We
overrule Maria's sole issue.

 We affirm the trial court's order granting appellee's motion for
summary judgment.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

 

the 10th day of August, 2000.

1. Evidence that one or another party to an automobile collision was given a
ticket by a peace officer charging the commission of a penal offense is inadmissible
in a civil suit growing out of the same incident. Isaacs v. Plains Transport Co., 367
S.W.2d 152, 153 (Tex. 1963). Evidence that a party paid a fine pursuant to receiving
a traffic ticket is also inadmissible in a civil suit for damages arising out of negligence
giving rise to the charge, without a showing that a plea of guilty was made in open
court. Cox v. Bohman, 683 S.W.2d 757, 758 (Tex. App.--Corpus Christi 1984, writ
ref'd n.r.e.).