header.ag1



NUMBER 13-99-821-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MELVIN K. ATKINS, INDIVIDUALLY AND D/B/A CASE ASSISTANCE 

INVESTIGATING COMPANY, Appellant,


v.



WILLIAM TINNING, Appellee.

___________________________________________________________________


On appeal from the 319th District Court

of Nueces County, Texas.

___________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez



Appellant Melvin K. Atkins, individually and doing business as Case Assistance Investigating Company,
brought suit for breach of contract regarding an alleged 1984 oral contract with appellee William Tinning and
made claims of fraud arising out of the alleged breach of contract. The court granted summary judgment in
favor of Tinning. Atkins now organizes his arguments into one issue on appeal. This Court reversed and
remanded a prior summary judgment granted in favor of Tinning. See Atkins v. Tinning, 865 S.W.2d 533
(Tex. App--Corpus Christi 1993, writ denied). We now affirm the judgment of the trial court.

Tinning is an attorney in Corpus Christi. Atkins is a private investigator. Atkins plead that Tinning breached a
contract with him and committed fraud. He alleges that Tinning orally agreed to pay him one third, or
$300,000, of a $900,000 fee in a case on which Atkins had worked. Tinning denies this arrangement existed. 
Tinning moved for summary judgment on the bases of: (1) limitations; (2) that this is a contract case, not a
tort case; (3) accord and satisfaction; (4) violation of the statute of frauds; and (5) illegality.

Tinning, as the party moving for summary judgment, has the burden of establishing that no genuine issue of
material fact exists and that he is entitled to judgment as a matter of law. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex.1985). When a defendant moves for summary judgment on several
theories and the trial court enters a non-specific judgment, we affirm the summary judgment if any of the
theories is valid. Martinez v. Corpus Christi Area Teachers Credit Union, 758 S.W.2d 946, 950 (Tex.
App.--Corpus Christi 1988, writ denied). We examine the pleadings to determine whether any genuine issue
of material fact exists and that the movant is entitled to judgment as a matter of law. McFadden v. American
United Life Ins. Co., 658 S.W.2d 147, 148 (Tex. 1983). In deciding whether disputed material fact issues
preclude summary judgment, evidence favorable to the nonmovant is taken as true; every reasonable inference
is indulged in favor of the nonmovant and any doubt is resolved in his favor. Nixon, 690 S.W.2d at 548-49. 
However, a defendant is entitled to summary judgment if the summary judgment evidence establishes, as a
matter of law, that at least one element of a plaintiff's cause of action cannot be established. Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995);Rodriguez v. Klein, 960 S.W.2d 179, 182 (Tex. App.--Corpus Christi
1997, no writ).

As a preliminary matter, the trial court correctly granted Tinning's motion for summary judgment based on
Atkins's pleadings of fraud. When an injury is only economic loss to the subject of the contract, there is only a
cause of action for breach of contract. Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 617-18 (Tex.
1986); see Southwestern Bell Tel. Co. v. Delanney, 809 S.W.2d 493, 494-96 (Tex. 1991). Atkins has shown
no other damages other than the $300,000 he claims from the alleged oral contract with Tinning. Therefore
any possible cause of action Atkins could claim would be for breach of contract.

Tinning contends that the breach of contract suit is time-barred under a four-year statute of limitations. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon Supp. 2001). The statute of limitations is an affirmative
defense. Tex. R. Civ. P. 94. The purpose of the statute of limitations is to force the assertion of a claim within
a reasonable period of time after the inception of the claim and while the evidence is still fresh in the minds of
the parties or their witnesses. Computer Assocs. Int'l v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996). 

A defendant must specially plead and prove an affirmative defense. Tex. R. Civ. P. 94; see also Southwestern
Fire & Casualty Co. v. Larue, 367 S.W.2d 162, 163 (Tex. 1963). A defendant relying on the affirmative
defense of limitations must plead, prove, and secure findings to sustain the plea of limitations. Woods v.
William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988). A defendant must show when a cause of action
accrued to establish that the statute of limitations is applicable as a bar to a plaintiff's case. Liles v. Phillips,
677 S.W.2d 802, 808 (Tex. App.--Fort Worth 1984, writ ref'd n.r.e.). 

This suit was first filed on February 14, 1992. Tinning provided an uncontroverted affidavit in which he swore
that Atkins knew of the alleged breach of contract by February 12, 1988. A summary judgment may be based
on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct,
otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. 
Tex. R. Civ. P. 166a (c); see Carr v. Brasher, 776 S.W.2d 567, 571 (Tex. 1989); see also Gonzalez v. South
Dallas Club, 951 S.W.2d 72, 74-75 (Tex. App.--Corpus Christi, 1997 no pet.).

Atkins raised objections and special exceptions to the form (1) and content of the summary judgment evidence,
including the form and content of this affidavit. At the same time that it granted Tinning's motion for summary
judgment, the trial court granted Tinning's motion for leave to cure the defects in his summary judgment
evidence. Tinning amended his motion for summary judgment after it was actually granted. Atkins raised the
objections and special exceptions before and after the motion for summary judgment was granted, but did not
receive a hearing until after the trial court had already granted summary judgment. (2) The trial court did not
expressly rule on any of Atkins' objections or special exceptions.

Because Atkins obtained no ruling on any of his special exceptions, or to his objections to the form of the
affidavit raised after the court's ruling, these arguments are not preserved for our review. Green v. Industrial
Speciality Contrs., 1 S.W.3d 126, 130 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (a party must obtain a
ruling on an objection as to the defects of an affidavit's form or the objection is waived); R.I.O. Sys., Inc. v.
Union Carbide Corp., 780 S.W.2d 489, 491 (Tex. App.--Corpus Christi 1989, writ denied) (party's failure to
obtain a hearing to present its special exception and obtain a ruling on it constitutes waiver of any error); see
Tri-State Ass'n of Credit Men, Inc. v. Hinson, 144 S.W.2d 881, 882 (Tex. 1940) ("It is a familiar rule that a
special exception, not shown by the record to have been called to the attention of the trial court and acted
upon, is waived.")

Although the trial court did not expressly rule on Atkins's objections to Tinning's summary judgment evidence
raised before the court's judgment, error may now be preserved without an express ruling on an objection, so
long as the record indicates in some way that the court ruled on the objection either expressly or implicitly, or
refused to rule with the complaining party objecting to that refusal. Tex. R. App. P. 33.1(a)(2)(A); Frazier v.
Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied). In Columbia Rio Grande Regional
Hospital v. Stover, this Court approved of the Frazier court's reasoning and its comparative analysis of the
new rule 33.1 with the old rule and adopted its conclusions with respect to ruling on objections to evidence
under the new rule. Columbia Rio Grande Reg'l Hosp. v. Stover, 17 S.W.3d 387, 395-96 (Tex. App.--Corpus
Christi 2000, no pet.). (3) In Stover, the reporter's record to the summary judgment hearing indicated that the
trial court had orally ruled on an objection, although there was no written ruling on the objection in the clerk's
record. Id. at 395. This Court determined that the objection had been preserved. Id at 395-96. Here,
Atkins's objections to the motion for summary judgment were in the clerk's record. Because the trial court
granted summary judgment in favor of Tinning, and stated in that judgment that it granted leave for Tinning to
file his supplemental affidavit, this created an inference that the court implicitly overruled Atkin's objections,
therefore preserving it for our review. See Blum v. Julian, 977 S.W.2d 819, 823-24 (Tex. App.--Fort Worth
1998, no pet.) (trial court implicitly overruled objection to affidavits in a summary judgment proceeding); cf.
Frazier 987 S.W.2d at 610 (trial court implicitly sustained objections to affidavits in summary judgment
proceedings). 

Appellate review of a trial court's decision to admit evidence is governed by an abuse of discretion standard. 
Jackson v. Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983). The admission of this affidavit was not calculated
to cause and did not cause the rendition of an improper judgment nor did it prevent appellant from properly
presenting this case to the Court of Appeals. See Tex. R. App. P. 44.1. We therefore find no abuse of
discretion by the court.

We have carefully studied the array of assertions and citations contained in Atkins's response to Tinning's
motions for summary judgment and have found nothing that refutes the limitations affirmative defense asserted
in Tinning's affidavit or that raises a material issue of fact. None of the documents appellant raises is proper
summary judgment evidence.

Atkins attempted to incorporate by reference Tinning's pleadings from a prior motion for summary judgment. 
A party's pleadings generally do not constitute summary judgment evidence unless there are deficiencies in that
party's pleadings. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995); Hidalgo
v. Surety Sav. and Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971); see Natividad, 875 S.W.2d at 699. The
pleadings contain no judicial admissions that controvert the summary judgment evidence in Tinning's affidavit
that the statute of limitations had run before Atkins filed suit. See Texas Dep't of Corrections v. Herring, 513
S.W.2d 6, 9 (Tex. 1974) (if a plaintiff's pleading contains judicial admissions negating the cause of action,
summary judgment may be properly granted on the pleadings). 

Atkins filed two affidavits, but neither refutes the statement by Tinning in his affidavit that Atkins knew or
should have known of a possible breach by February 12, 1988, and filed his suit over four years later. Atkins
presents what he asserts to be a copy (not a certified original) of a partial reporter's record of Tinning's
testimony in a criminal barratry trial brought by the State of Texas against Atkins, the indictment of Atkins in a
criminal barratry trial, and a disciplinary proceeding instigated by the state bar against Tinning. This material
is not authenticated in any way; it amounts to no more than assertions in Atkins's pleadings, not competent
summary judgment evidence. See Laidlaw, 904 S.W.2d at 660-61.

Atkins presents a photocopy of a letter from his appellate attorney addressed to the Nueces County District
Clerk with the notation of a courtesy copy to Tinning's appellate attorney, and a handwritten note on the
bottom to Tinning's appellate attorney; a correction sheet of a deposition of Atkins, without the deposition,
which is not on file, and not made part of the record; and a four-page excerpt of a video deposition made by
Atkins. Nothing in these materials refutes the evidence supported by Tinning in his affidavit that Atkins knew
or should have known of a breach of their oral contract more than four years before he filed suit. 

Tinning's affidavit is uncontroverted testimonial evidence of a violation of the statute of limitations provided
from an interested witness that is clear, positive and direct, otherwise credible and free from contradictions
and inconsistencies, and could have been readily controverted. See Tex. R. Civ. P. 166a (c); see also Tex.
Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon Supp. 2001). Atkins has presented no summary judgment
evidence that refutes this affidavit. With his affidavit alone, Tinning has pled, proven and secured findings to
sustain the plea of limitations. See Woods, 769 S.W.2d at 517. We therefore overrule Atkins's issues.

We AFFIRM the judgment of the trial court. 



ROGELIO VALDEZ

Chief Justice

 

Do not publish. 

Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 3rd of May, 2001

1. Atkins made objections, special exceptions, and again argues on appeal that the exhibits referred to in this
affidavit were not affixed to the affidavit. 

2. A special exception is meant to challenge a pleading. Tex. R. Civ. P. 91. We note that Atkins did not
obtain a hearing for his special exceptions until after they had been ruled upon. Atkins was in effect
attempting to get the court to review its motion for summary judgment by attacking the pleadings on which
the motion was based.

3. Cf. Well Solutions, Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.--San Antonio 2000, no pet.) 
(questioning whether a trial court necessarily overrules all possible objections to a motion for summary
judgment when it upholds a motion for summary judgment); Dolcefino v. Randolph, 19 S.W.3d 906, 926-27
(Tex. App.--Houston [14th Dist.] 2000, pet. pending) (existence of written objections and a recitation that the
court reviewed all competent evidence does not inherently create an inference that the trial court implicitly
sustained the objections to the summary judgment evidence).