Date Issued: August 30, 2007







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00094-CV






SABRINA FLEMING a/n/f of GREGORY LAWSON AND GREGORY
LAWSON, Appellants


V.


ASTROWORLD, L.P., Appellee






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2005-13344





MEMORANDUM OPINION 


 Appellants, Sabrina Fleming as Next Friend of Gregory Lawson and Gregory
Lawson, a minor, appeal the trial court's order granting summary judgment against
them in their suit for damages based upon negligence and premises liability against
Astroworld, L.P. Appellants contend that Astroworld owed Lawson a duty of care,
notwithstanding he was injured by third parties on property that was not owned by,
or within the control of, Astroworld. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 On July 4, 2004, Gregory Lawson visited Astroworld theme park in Houston,
Texas, with a friend and two relatives. Lawson, 15 years old at the time, spent the
day at the park, but left earlier than expected after witnessing a fight inside the park. 
While Lawson waited for his ride in an Astroworld designated waiting area, fighting
erupted again. Lawson estimated approximately 50 to 60 people were in the waiting
area and that about 30 were involved in the fighting. Lawson was a bystander. At
least one Astroworld security officer was injured during the fighting. Following the
second fight, Astroworld security personnel ejected everyone from the waiting area,
forcing them to leave the premises.

 Lawson walked for about five minutes to a McDonald's located 500 yards
away. After approximately five minutes, a group of 10 people assaulted Lawson. 
Lawson lost consciousness during the incident and three of his teeth were knocked
out. Lawson had never seen his assailants before they attacked him, and the area
where the attack took place has never been owned, occupied, or controlled by
Astroworld.

 Appellants filed suit against Astroworld on February 25, 2005. Appellants'
First Amended Petition alleges that Astroworld was negligent because "there was
such a probability of a harmful event occurring that a reasonably prudent person
would have foreseen that the conduct [that caused Lawson's injuries] or some similar
event was likely to happen and would have taken reasonable steps to prevent the
occurrence of such an event." Appellants also allege that the "negligent, careless, or
reckless acts or omissions" of Astroworld included failing to provide an adequate
number of trained security guards, failing to provide necessary procedures, failing to
train guards and other employees in proper safety, security, and protection
procedures, and failing to warn Lawson of the unsafe condition.

 Astroworld designated Lawson's assailants as responsible third parties in
accordance with section 33.004(j) of the Civil Practice and Remedies Code. Tex.
Civ. Prac. & Rem. Code Ann. § 33.004(j) (Vernon Supp. 2006). Astroworld filed
for summary judgment against appellants on the basis that Astroworld did not owe
a legal duty to Lawson "because the alleged attack did not occur on property owned,
operated, or controlled by" Astroworld. Appellants countered by alleging that
Astroworld created the dangerous condition that permitted the criminal acts that
caused Lawson's injuries. 




 The trial court granted Astroworld's motion for summary judgment. 

STANDARD OF REVIEW


 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Under the standard of review for traditional
summary judgment, the moving party must establish that no material fact issue exists,
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). 

 Summary judgment for a defendant is proper when the defendant negates at
least one element of each of the claimant's theories of recovery. Sci. Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). Once the defendant produces
evidence warranting summary judgment, the plaintiff must present evidence that
raises a fact issue. Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In an appeal
from a take-nothing summary judgment, the reviewing court should view all evidence
in the light most favorable to the nonmovant and indulge every reasonable inference
in the nonmovant's favor. Id.

THE LAW


 The essential elements of a negligence cause of action are: (1) a legal duty
owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damages
proximately caused by and resulting from the breach. W. Invs., Inc. v. Urena, 162
S.W.3d 547, 550 (Tex. 2005). Premises liability is a special form of negligence in
which the duty owed to the plaintiff depends upon his status as an invitee, licensee,
or trespasser on the premises. See id.; see also Rosas v. Buddie's Food Store, 518
S.W.2d 534, 536 (Tex. 1975). In the case of an invitee, the premises liability inquiry
focuses on whether the defendant proximately caused the plaintiff's injuries by failing
to use ordinary care to reduce or eliminate an unreasonable risk of harm created by
a premises condition that it knew or should have known existed. Urena, 162 S.W.3d
at 550. 

 Duty is a threshold inquiry requiring the plaintiff to prove the existence and
violation of a duty owed by the defendant. Centeq Realty, Inc. v. Siegler, 899 S.W.2d
195, 197 (Tex. 1995). If there is no duty, liability for negligence cannot exist. 
Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999). Generally, no person has a
legal duty to protect another from the criminal acts of a third person. Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998). One exception
to this rule may apply when a person controls the premises where the criminal acts
occur. Id. "One who controls . . . premises does have a duty to use ordinary care to
protect invitees from criminal acts of third parties if he knows or has reason to know
of an unreasonable and foreseeable risk of harm to the invitee." Id. (citing Lefmark
Mgmt. Co. v. Old, 946 S.W.2d 52, 53 (Tex. 1997). 

 This duty derives from the concept that the party with the "power of control or
expulsion" is in the best position to protect against the harm. Exxon Corp. v. Tidwell,
867 S.W.2d 19, 21 (Tex. 1993). When the party with the power of control should
reasonably anticipate criminal conduct on the part of third persons on its premises,
that party has a duty to take precautions against it. Id. 

 A second exception may apply to a person who is not in control of the property
at the time of the injury, but nevertheless creates a condition that permits or brings
into being the criminal actions that result in the claimant's injury. Lefmark Mgmt.
Co., 946 S.W.2d at 54 (citing Strakos v. Gehring, 360 S.W.2d 787 (Tex. 1962)). 
Whether a duty exists under either theory is a question of law. See Centeq Realty,
Inc., 899 S.W.2d at 197.

 DUTY


1. Unreasonable and Foreseeable Risk

 Because Lawson's injuries resulted from the criminal conduct of a third party,
Astroworld owed him no duty of protection from an unreasonable and foreseeable
risk unless Astroworld had the power of control over the premises where the conduct
occurred. See Timberwalk, 972 S.W.2d at 756; Tidwell, 867 S.W.2d at 21. Adam
Loredo, Astroworld's Safety and Risk Manager, stated in an affidavit that the area
identified as the scene of the assault had never been "owned, occupied, or controlled"
by Astroworld, Six Flags Theme Parks, or any of its affiliates or subsidiaries. See
LaFleur v. Astrodome-Astrohall Stadium Corp., 751 S.W.2d 563, 566 (Tex.
App.--Houston [1st Dist.] 1988, no writ). 

 Appellants do not attempt to refute Astroworld's assertion and evidence that
Astroworld did not own or control the site of the assault. Appellants failed to raise
a material fact issue as to whether Astroworld owed a duty of protection from an
unreasonable and foreseeable risk. See Timberwalk, 972 S.W.2d at 756.

2. Creation of Condition

 Appellants assert that a landowner can be liable for injuries suffered by an
invitee that occurred off the landowner's property when the invitee: (1) was a minor;
(2) was forced to leave the landowner's property when the landowner knew or should
have known that the invitee was in imminent risk of harm; and (3) had no safe haven
to which to retreat. Appellants claim that Astroworld created the dangerous condition
by ejecting Lawson from its premises after repeated incidents of violence had
occurred at the park, in the waiting area, and in the area within the immediate vicinity
of the park. 

 Appellants have cited no authority, and we are aware of none, that would create
a duty by Astroworld to be responsible for the criminal acts of third parties merely
because Astroworld failed to control a crowd of unsupervised young people who had
assembled on property that was not within its control. See, e.g., Randle v. Stop N' Go
Markets of Texas, Inc., 929 S.W.2d 17, 18-19 (Tex. App.--Houston [1st Dist.] 1996,
no writ) (business operator does not owe duty to protect customers against intentional
third party acts committed off business premises when initial, non-threatening contact
occurred on property); Holcomb v. Randall's Food Markets, Inc., 916 S.W.2d 512,
514-15 (Tex. App.--Houston [1st Dist.] 1995, writ denied); LaFleur, 751 S.W.2d at
565. A business operator's duty cannot extend to off-site criminal acts by third
parties when nothing in the record shows that the people who assaulted the claimants
had ever been on the defendant's property or had any association with the defendant's
property. See Randle, 929 S.W.2d at 18.

 Here, there is no evidence that Lawson's assailants had ever been to
Astroworld, had any association with Astroworld, or were involved with the fighting
at Astroworld earlier that day. Lawson had never seen his assailants before the
assault in the McDonald's parking lot. Appellants failed to raise a material fact issue
as to whether Astroworld created a condition that permitted or brought into being the
criminal actions that resulted in Lawson's injury. See Lefmark, 946 S.W.2d at 55.

CONCLUSION


 Finding no error in the granting of summary judgment, we affirm the judgment. 




 Davie Wilson (1)

 Justice


Panel consists of Justices Alcala, Hanks, and Wilson.
1. The Honorable Davie Wilson, retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.