Cynthia FRAZIER, Appellant,

v.

Khai Loong YU, Appellee.

No. 2–98–227–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 18, 1999.

Rehearing Overruled April 15, 1999.

Wayne C. Watson, Fort Worth, for Appellant.

Touchstone, Bernays, Johnston, Beall & Smith, L.L.P., Gregory R. Ave, Dallas, for Appellee.

Before Panel A: CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal from a summary judgment granted in favor of the defendant, pursuant to civil procedure rule 166a(i). At the hearing on the motion, appellee filed written objections claiming that affidavits supporting appellant's claims were not competent summary judgment evidence. Neither appellant nor her counsel appeared at the hearing on the motion for summary judgment.

Appellant contends that the court's docket sheet establishes the court simply failed to consider the affidavits. Appellant also argues that because the court did not issue written rulings on the admissibility of the affidavits, appellee has failed to preserve error and that we *must* accept the affidavits as evidence. We affirm.

## FACTS

On August 7, 1994, appellant Cynthia Frazier and appellee Khai Loong Yu were involved in a auto accident. On August 7, 1996, Frazier filed suit claiming that she had suffered personal injuries as a result of the collision.

On February 10, 1998, Yu filed a motion for summary judgment asserting that Frazier had failed to present any evidence that her injuries were proximately caused by the collision or that Yu's negligence proximately caused the accident. *See* TEX.R. CIV. P. 166a(i). A hearing on the motion was set for May 1, 1998. On April 24, 1998, in response to Yu's motion, Frazier filed a personal affidavit and the affidavit of Dr. Christopher K. Hull attempting to establish the contested elements. Yu filed written objections to the affidavits and moved to strike them.

Visiting Judge Sydney Farrar presided at the hearing; however, neither Frazier, nor her counsel appeared. The court granted the motion and entered a take-nothing summary judgment against Frazier on May 8. On its docket sheet, the court indicated that "Plaintiff nor attorney submitted any summary judgment evidence nor did either appear." Frazier argues that this notation demonstrates that the court failed to review the affidavits, and that, in fact, she has presented sufficient evidence to support her allegations.

## DISCUSSION

First, we must address Yu's contention that we are without jurisdiction over this appeal. Yu argues that we lack jurisdiction because appellant failed to timely file a motion for new trial or notice of appeal. The judgment was signed on May 8, 1998. Frazier filed a motion for new trial on June 8, 1998. Because thirty-one days elapsed be-

tween the date of judgment and the motion for new trial, Yu argues the motion was not timely filed.

A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment is signed. *See* TEX.R. CIV. P. 329b(a). Failure to file a motion for new trial or failure to perfect an appeal within the time allotted deprives the appellate court of jurisdiction. *See* TEX.R.APP. P. 25.1, 26.1.

To compute the filing deadline, we exclude the day of the act or event, but the last day of the time period is included; however, if the last day is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday. *See* TEX.R. CIV. P. 4; TEX.R. APP. P. 4. Therefore, in our computation, we do not include May 8, the date judgment was entered, but we do include June 7, the last day of the period. However, because June 7, 1998, fell on a Sunday, appellant was not required to file his motion for new trial until June 8. Because Frazier filed the motion on June 8, we find the motion timely filed and hold that we have jurisdiction.

Turning to the merits, Yu moved for summary judgment contending that Frazier had failed to present evidence of two essential elements of her case—negligence and proximate cause. Rule 166a(i) states:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX.R. CIV. P. 166a(i).

In his motion to strike the affidavits, Yu objected that the affidavits were not competent summary judgment evidence; therefore, they could not be considered in determining whether Frazier had raised a genuine issue of material fact. He contended that Hull's affidavit was defective because it (1) failed to indicate that it was based on personal knowledge, (2) relied on an attached letter that is neither sworn to, certified, or otherwise authenticated by law, (3) did not indicate that it is based on reasonable medical probability, (4) failed to demonstrate Hull's qualifications for rendering "expert" testimony, (5) failed to state the assertions were true and correct, and (6) is conclusory. Similarly, Yu objected that Frazier's affidavit did not state that it was based on personal knowledge or that the assertions contained therein were true and correct.

After the hearing but before judgment, Frazier filed a motion requesting an opportunity to amend the affidavits; however, the court did not expressly rule on that motion at that time. After judgment was entered, Frazier moved for a new trial. In that motion, she only argued the competency and sufficiency of the affidavits. She did not renew her request to amend the affidavits, argue that the trial court erred in failing to allow her to amend the affidavits, or that the trial court erred in any way by failing to consider the affidavits. However, when the court denied her motion for new trial, it also overruled her prior motion for leave to amend her affidavits.

■ On appeal, Frazier argues that the affidavits are sufficient evidence of proximate cause and Yu's negligence. Furthermore, she argues that because Yu failed to obtain written rulings on his objections to the affidavits, he has waived those complaints on appeal and we *must* accept the affidavits as evidence. We disagree.

Prior to the new rules taking effect September 1, 1997, a party objecting to summary judgment evidence had to obtain a written ruling on the objection or to a lack of a ruling. *See Camden Mach. & Tool v. Cascade Co.,* 870 S.W.2d 304, 310 (Tex.App.— Fort Worth 1993, no writ) (applying former rule 52(a), predecessor to rule 33.1). However, Texas Rule of Appellate Procedure 33.1 provides:

> (a) *In general.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP. P. 33.1(a).

■ Subsection 2(A) is a substantive revision of prior law. *Compare* TEX.R.APP. P. 52(a) (1997, revised 1997) *with* TEX.R.APP. P. 33.1(a)(2)(A). Rule 33.1 relaxes the former requirement of an express ruling and codifies case law that recognized implied rulings. *See Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex.1997) (finding that granting of motion to disregard "automatically" denied motion for judgment on verdict); *Acord v. General Motors Corp.*, 669 S.W.2d 111, 114 (Tex.1984) (presuming objection to charge was overruled because trial court did not alter objectionable language); *Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.—Fort Worth 1998, no pet. h.); John Hill Cayce, Jr. et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L. REV. 867, 874 n.10 (1997) (discussing new rule 33.1(a)(2)(A)); State Bar of Texas Appellate Section, *Significant Features of the New Texas Rules of Appellate Procedure* p. 10, in GUIDE TO THE NEW TEXAS RULES OF APPELLATE PROCEDURE 1997 (stating "[a] signed, separate order is not required, as long as the record otherwise shows that the ruling was made"). Thus, error is preserved as long as the record indicates in some way that the trial court ruled on the objection either expressly or implicitly. *See* TEX.R.APP. P. 33.1(a)

Because the affidavits were specifically and extensively objected to in Yu's written objections and motion to strike the affidavits, the court was aware of their existence. Moreover, because the court granted summary judgment against Frazier and stated that it reviewed all *competent* summary judgment evidence, this creates an inference that the court implicitly sustained Yu's objections. *Cf. Blum*, 977 S.W.2d at 823–24 (finding trial court implicitly overruled objection to affidavits in a summary judgment proceeding).

■ A summary judgment based on rule 166a(i) employs a no-evidence standard. *See* TEX.R. CIV. P. 166a(i) & cmt. Accordingly, if the court is barred by rules of law or evidence from giving weight to the only evidence to prove an essential element, summary judgment is proper. *See id.; see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997) (listing the elements of a no-evidence analysis). The effect of such an implicit ruling by the trial court is that Frazier has presented no evidence on at least one of the essential elements of her claim.

■ Without the affidavits, we may not consider the stricken material as evidence where the propriety of the motion to strike is not at issue. *See Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 265 (Tex. App.—Fort Worth 1986, no writ). Where evidence has been held to be inadmissible and that holding has not been challenged on appeal, this court cannot consider the excluded evidence. *See id.; Talbott v. Hogg*, 298 S.W.2d 883, 889 (Tex.Civ.App.—Amarillo 1957, writ dism'd).

Frazier does not assign error to the court's implicit refusal to accept the affidavits as evidence or its subsequent failure to allow her to amend her affidavits. Instead, she quotes portions from the affidavits supporting her challenge to the court's grant of summary judgment.

■ Her sole challenge to the court's implicit refusal to accept the affidavits as evidence is to depict the docket notation as reflecting an oversight or "mix-up." She contends the docket sheet establishes that

the trial court simply failed to review either of the affidavits before rendering judgment.

◼ Frazier's speculation as to the trial court's actions fails to address contrary recitations in the judgment stating that the court reviewed competent summary judgment evidence on file. In *N–S–W Corp. v. Snell,* 561 S.W.2d 798, 799 (Tex.1977), the supreme court stated that "a docket entry may supply facts in certain situations," but it may not prevail over or contradict a final judicial order. *See id.* The Fifth Court of Appeals has interpreted the certain situations referred to in *N–S–W* as correcting clerical errors in judgments or determining the meaning of words used in a judgment. *See Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 n. 2 (Tex.App.—Dallas 1986, no writ). Otherwise, docket entries are considered to be a memorandum made for the convenience of the clerk and the trial court and not a part of the record to be considered. *See Roever v. Roever,* 824 S.W.2d 674, 676 (Tex.App.—Dallas 1992, no writ). Because the affidavits were on file at the time of the hearing and the judgment recites that competent summary judgment evidence on file was reviewed, we find the docket notations incapable of impeaching the judgment. *See N–S–W,* 561 S.W.2d at 799. Therefore, we hold that Frazier's challenge to the trial court's implicit striking of the affidavits is insufficient to permit our consideration of the affidavits as evidence.

◼ When the affidavits were implicitly struck, all summary judgment evidence in Frazier's favor disappeared. Without evidence of Yu's negligence or the proximate cause of Frazier's injuries, the court properly granted summary judgment. We overrule Frazier's sole point.

## CONCLUSION

Because we find Yu's motion to strike Frazier's affidavits was implicitly sustained and Frazier failed to properly challenge such a ruling, Frazier presented no evidence on the issues of proximate cause and Yu's negligence. Therefore, the court properly granted Yu's motion for summary judgment, and we affirm the judgment.