Martinek v. Farmers & Merchants

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-334-CV

DONNIE R. MARTINEK AND APPELLANTS

MARTINEK GRAIN AND BINS, INC.

V.

THE FARMERS & MERCHANTS APPELLEE

STATE BANK OF KRUM

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Donnie R. Martinek and Martinek Grain and Bins, Inc. (“Martinek”) appeal 
the trial court’s summary judgment entered for The Farmers & Merchants State Bank of Krum (“the Bank”).  In one point, 
Martinek contends that the trial court erred in granting the Bank’s no-evidence motion for summary judgment because the evidence raised a genuine issue of material fact.  We will affirm. 

In his sole point, Martinek complains that the trial court erred by granting the Bank’s motion for summary judgment because the evidence raised a fact issue concerning the existence of a civil conspiracy and a fraudulent transfer.  We disagree.

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied);
 Moore v. K-Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust Co.,
 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269. 

A civil conspiracy is “a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.”  
Firestone Steel Prods. Co. v. Barajas
, 927 S.W.2d 608, 614 (Tex. 1996).  The essential elements of a civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.  
Operation Rescue-Nat’l v. Planned Parenthood
, 975 S.W.2d 546, 553 (Tex. 1998).  Thus, the defining characteristic is that either the object to be accomplished, or the means by which the object is accomplished, must be unlawful.  
Massey v. Armco Steel Co.
, 652 S.W.2d 932, 934 (Tex. 1983). 

In the present case, Robert Neil Schluter owned two tracts of real property subject to outstanding notes held by Ruth Gurley and Ruby McClure. 
 Through a series of transactions, Martinek obtained a junior lien on the same properties.
  Then, in 1994, Schluter defaulted on his obligations and filed for bankruptcy.  Because the Schluter family had a long-standing relationship with the Bank, bank representatives met with the family in an attempt to prevent Robert Schluter from losing the property.  The Bank then purchased the senior liens from Gurley and McClure and foreclosed on the property.  
See 
Tex. Bus. & Com. Code Ann. 
§ 9.601 (Vernon 2002) (stating that after default, a secured creditor may foreclose)
.  
The Bank purchased one tract of land at the foreclosure sale and sold this tract to August and Pauline Schluter.  The Bank received a bid of $32,000.00 for the second tract of land; however, due to an undisclosed defect in the sale, it was unable to transfer the property to the bidder.  It then held a second foreclosure sale and sold the land to Dale Schluter for $21,000.00.  The foreclosure sales on the two tracts of land extinguished Martinek’s junior liens because lien amounts exceeded the prices paid for the properties. 

Viewing the summary judgment record in the light most favorable to Martinek, we find no evidence to support Martinek’s contention that the Bank committed an unlawful, overt act.  None of the Bank’s actions were unlawful.  A foreclosure sale is not unlawful based on inadequacy of consideration unless there is evidence that an irregularity in the sale caused the property to be sold for a grossly inadequate price.  
Am. Sav. & Loan Ass’n v. Musick
, 531 S.W.2d 581, 587 (Tex. 1975).  Here, there is no evidence of an irregularity in the foreclosure sale.  Although the second foreclosure sale on tract two yielded a bid of $11,000.00 less than the first sale, there is no evidence in the record to show that the second sale was in any way illegal or improper.  
See id
.; 
see also Charter Nat’l Bank--Houston v. Stevens
, 781 S.W.2d 368, 371 (Tex. App.—Houston [14
th
 Dist.] 1989, writ denied) (holding that mere inadequacy of consideration does not render sale invalid if sale is otherwise legal and proper).  

Further, there is no evidence of the fair market value of either tract of land.  Martinek cites no legal authority for the proposition, and we will not infer, that a bank’s attempt to help its long-time customer avoid losing his property invalidates an otherwise lawful foreclosure sale.  Therefore, Martinek has failed to produce a scintilla of evidence establishing the existence of a civil conspiracy involving the Bank.

Martinek also contends that the evidence raises a fact question regarding whether the Bank’s conveyance of the two tracts of land constituted a fraudulent transfer.  A fraudulent transfer, however, requires evidence of “[a] transfer made or obligation incurred by a debtor.”  
Tex. Bus. & Com. Code Ann. 
§§ 24.005, 24.006.  The goal of the Uniform Fraudulent Transfer Act is to ”prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach.”  
Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.
, 80 S.W.3d 601, 607 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.).
  

The Bank acquired the liens from a prior lien holder, foreclosed on the property, and sold it to Dale Schluter and August and Pauline Schluter.  The debtor, Robert Schluter, was not involved in either transfer.  There is no evidence that the Bank made or was involved in a fraudulent transfer of the properties in question.  Accordingly, we overrule Martinek’s sole point and affirm the trial court’s judgment.   

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  May 1, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.