COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-334-CV
 
DONNIE R. MARTINEK AND   
                                                                
APPELLANTS
MARTINEK GRAIN AND BINS, INC.
V.
THE FARMERS & MERCHANTS   
                                                            
APPELLEE
STATE BANK OF KRUM
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Donnie R. Martinek and Martinek Grain and
Bins, Inc. ("Martinek") appeal the
trial court's summary judgment entered for The Farmers & Merchants State
Bank of Krum ("the Bank"). In one point, Martinek
contends that the trial court erred in granting the Bank's no-evidence motion
for summary judgment because the evidence raised a genuine issue of material
fact. We will affirm.
In his sole point, Martinek
complains that the trial court erred by granting the Bank's motion for summary
judgment because the evidence raised a fact issue concerning the existence of a
civil conspiracy and a fraudulent transfer. We disagree.
A no-evidence summary judgment is essentially a pretrial directed
verdict, and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict. Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort Worth 1999, pet. denied);
Moore v. K-Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998,
pet. denied). We review the evidence in the light most favorable to the party
against whom the no-evidence summary judgment was rendered, disregarding all
contrary evidence and inferences. Szczepanik v. First S. Trust
Co., 883 S.W.2d 648, 649 (Tex. 1994). If the nonmovant brings forward more
than a scintilla of probative evidence that raises a genuine issue of material
fact, then a no-evidence summary judgment is not proper. Moore,
981 S.W.2d at 269.
A civil conspiracy is "a combination by
two or more persons to accomplish an unlawful purpose or to accomplish a lawful
purpose by unlawful means." Firestone
Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 614 (Tex. 1996). The essential
elements of a civil conspiracy are (1) two or more persons; (2) an object to be
accomplished; (3) a meeting of the minds on the object or course of action; (4)
one or more unlawful, overt acts; and (5) damages as the proximate result. Operation
Rescue-Nat'l v. Planned Parenthood, 975 S.W.2d 546, 553 (Tex. 1998). Thus,
the defining characteristic is that either the object to be accomplished, or the
means by which the object is accomplished, must be unlawful. Massey
v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).
In the present case, Robert Neil Schluter owned
two tracts of real property subject to outstanding notes held by Ruth Gurley and
Ruby McClure. Through a series of transactions, Martinek obtained a
junior lien on the same properties. Then,
in 1994, Schluter defaulted on his obligations and filed for bankruptcy. Because
the Schluter family had a long-standing relationship with the Bank, bank
representatives met with the family in an attempt to prevent Robert Schluter
from losing the property. The Bank then purchased the senior liens from Gurley
and McClure and foreclosed on the property. See
Tex. Bus. & Com. Code Ann. § 9.601 (Vernon 2002) (stating that after
default, a secured creditor may foreclose).
The Bank purchased one tract of land at the foreclosure sale and sold this
tract to August and Pauline Schluter. The Bank received a bid of $32,000.00 for
the second tract of land; however, due to an undisclosed defect in the sale, it
was unable to transfer the property to the bidder. It then held a second
foreclosure sale and sold the land to Dale Schluter for $21,000.00. The
foreclosure sales on the two tracts of land extinguished Martinek's junior liens
because lien amounts exceeded the prices paid for the properties.
Viewing the summary judgment record in the
light most favorable to Martinek, we find no evidence to support Martinek's
contention that the Bank committed an unlawful, overt act. None of the Bank's
actions were unlawful. A foreclosure sale is not unlawful based on inadequacy of
consideration unless there is evidence that an irregularity in the sale caused
the property to be sold for a grossly inadequate price. Am.
Sav. & Loan Ass'n v. Musick, 531 S.W.2d 581, 587 (Tex. 1975). Here,
there is no evidence of an irregularity in the foreclosure sale. Although the
second foreclosure sale on tract two yielded a bid of $11,000.00 less than the
first sale, there is no evidence in the record to show that the second sale was
in any way illegal or improper. See id.;
see also Charter Nat'l Bank--Houston v.
Stevens, 781 S.W.2d 368, 371 (Tex. App.--Houston [14th
Dist.] 1989, writ denied) (holding that mere inadequacy of consideration does
not render sale invalid if sale is otherwise legal and proper).
Further, there is no evidence of the fair
market value of either tract of land. Martinek cites no legal authority for the
proposition, and we will not infer, that a bank's attempt to help its long-time
customer avoid losing his property invalidates an otherwise lawful foreclosure
sale. Therefore, Martinek has failed to produce a scintilla of evidence
establishing the existence of a civil conspiracy involving the Bank.
Martinek also contends that the evidence raises
a fact question regarding whether the Bank's conveyance of the two tracts of
land constituted a fraudulent transfer. A fraudulent transfer, however, requires
evidence of "[a] transfer made or obligation incurred by a debtor."
Tex. Bus. & Com. Code Ann. §§ 24.005, 24.006. The goal of the Uniform
Fraudulent Transfer Act is to "prevent fraudulent transfers of property by
a debtor who intends to defraud creditors by placing assets beyond their
reach." Tel. Equip. Network, Inc.
v. TA/Westchase Place, Ltd., 80 S.W.3d 601, 607 (Tex. App.--Houston [1st
Dist.] 2002, no pet.).
The Bank acquired the liens from a prior lien
holder, foreclosed on the property, and sold it to Dale Schluter and August and
Pauline Schluter. The debtor, Robert Schluter, was not involved in either
transfer. There is no evidence that the Bank made or was involved in a
fraudulent transfer of the properties in question. Accordingly, we overrule
Martinek's sole point and affirm the trial court's judgment.
 
                                                                   
JOHN CAYCE
                                                                   
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.