COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-363-CV
  
  
AUDREY 
BANKS                                                                    APPELLANT
  
V.
  
RIVER 
OAKS STEAK HOUSE                                                      APPELLEE
  
  
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a take-nothing summary judgment in favor of River Oaks Steak 
House against Audrey Banks. We will affirm.
        While 
Audrey Banks was eating dinner at River Oaks Steak House (The Steak House) in 
Fort Worth, Texas, the metal chair she was sitting on suddenly collapsed. Banks 
fell to the floor and was injured. She filed suit against The Steak House, 
alleging claims for premises liability, and later joined American Tables and 
Seating Manufacturing, Inc. (American Tables), alleging claims for negligence 
and products liability.
        The 
Steak House filed a traditional motion for partial summary judgment contending 
that it had no actual or constructive knowledge that the chair was unreasonably 
dangerous. The trial court granted the motion and severed Banks’s suit against 
The Steak House, making the summary judgment final and appealable. Banks later 
nonsuited American Tables.
        In 
her first issue, Banks contends that the evidence presented by The Steak House 
to negate the actual or constructive notice element of her premises liability 
claim was insufficient to support the summary judgment order because it was 
opinion evidence by interested witnesses.
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). The burden of proof is 
on the movant, and all doubts about the existence of a genuine issue of material 
fact are resolved against the movant. S.W. Elec. Power Co., 73 S.W.3d at 
215; Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9 
S.W.3d 801, 803 (Tex. 1999). A plaintiff in a premises liability claim who is an 
invitee must prove that (1) a condition of the premises created an unreasonable 
risk of harm, (2) the owner knew or reasonably should have known of the 
condition, (3) the owner failed to exercise ordinary care to protect the invitee 
from danger, and (4) the owner’s failure was a proximate cause of injury to 
the invitee. Dallas Mkt. Ctr. Dev. Co. v. Liedeker, 958 S.W.2d 382, 385 
(Tex. 1997), overruled on other grounds by Torrington Co. v. Stutzman, 46 
S.W.3d 829 (Tex. 2000). The defendant as movant must present summary judgment 
evidence that negates an element of the plaintiff’s claim. Centeq Realty, 
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the defendant 
produces sufficient evidence to establish the right to summary judgment, the 
burden shifts to the plaintiff to come forward with competent controverting 
evidence raising a genuine issue of material fact with regard to the element 
challenged by the defendant. Id.
        If 
an interested witness offers evidence that is clear, positive and direct, 
otherwise credible and free from contradictions and inconsistencies, and which 
could have been readily controverted, such evidence may form the basis of a 
summary judgment. Tex. R. Civ. P. 
166a(c). Evidence can be readily controverted when it can be effectively 
countered by opposing counsel. See Casso v. Brand, 776 S.W.2d 551, 558 
(Tex. 1989).
        The 
evidence supporting The Steak House’s motion for summary judgment includes the 
affidavit of Kevin Stone, Assistant Manager at The Steak House, who was the 
manager on duty at the time of the incident. Stone testified that “[a]ll of 
the metal chairs in the restaurant are inspected daily when the floors are 
cleaned”; that “[a]t no time before July 3, 2002 did I or any of my staff 
know or have reason to know that the chair in which Ms. Banks was sitting before 
she fell was defective or dangerous”; and that he personally inspected the 
chair after the incident and could not determine the cause of the chair’s 
failure. This affidavit testimony is clear, positive, and direct, and contains 
facts based on personal observations and experience. See Brewer v. Capital 
Cities/ABC, Inc. 986 S.W.2d 636, 641-42 (Tex. App.—Fort Worth 1998, no 
pet.). The affidavit contains no inconsistencies or contradictions, nor is there 
any reason to believe that the testimony is not credible.[2]  
Therefore, although Stone is an interested witness, his affidavit is competent 
summary judgment evidence. See Tex. 
R. Civ. P. 166a(c); see also Casso, 776 S.W.2d at 558.
        In 
addition, The Steak House submitted the affidavit of Dan W. Braswell, a licensed 
professional engineer. Braswell testified that he personally inspected the chair 
in which Banks was sitting after the incident occurred. He noticed that the weld 
on the front right leg of the chair was defective, so that the upper portion of 
the chair did not bind to the right leg of the chair at that point. He further 
testified that the defect “was not visible until after the chair failed.” 
Braswell also stated that the immediate cause of the chair’s failure was metal 
fatigue caused by additional stress on the chair due to the defective weld. He 
testified that “[m]etal fatigue of this chair’s leg is not and could not be 
visible to an untrained observer.” Finally, Braswell concluded, “It is my 
professional opinion that untrained observers would not know and could not have 
known about this chair’s condition before it failed.”
        Braswell’s 
professional opinions were based on his observations and facts about the chair 
and, when combined with The Steak House’s other summary judgment evidence, 
conclusively proves that The Steak House had no actual or constructive notice 
that the chair was unsafe or defective.[3]  We 
overrule Banks’s first issue.
        In 
Banks’s second issue, she contends that the trial court erred in denying her 
motion to compel discovery. However, Banks’s counsel conceded at oral argument 
that she did not obtain a ruling from the trial court on the motion to compel. 
To preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling. Tex. R. App. P. 
33.1(a); see also Tex. R. Evid. 
103(a)(1). The objecting party must also get an express or implied ruling from 
the trial court. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.—Fort 
Worth 1999, pet. denied). Because Banks failed to present her objection to the 
trial court and obtain a ruling, she has waived this complaint on appeal. We 
overrule Banks’s second issue.
        In 
her third issue, Banks contends that the trial court erred in severing her suit 
against The Steak House from her claims against American Tables because both 
parties are jointly and severally liable. The trial court has broad discretion 
to sever multiple parties. Tex. R. Civ. 
P. 41; Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 
(Tex. 1996); Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 
S.W.2d 652, 658 (Tex. 1990) (op. on reh’g). If summary judgment in favor of 
one defendant is proper in a suit involving multiple defendants, then severance 
of that claim is proper. Arredondo v. City of Dallas, 79 S.W.3d 657, 665 
(Tex. App.—Dallas 2002, pet. denied).
        The 
summary judgment in favor of The Steak House was proper. Therefore, the trial 
court did not abuse its discretion in severing the claims against The Steak 
House from those asserted against American Tables. We overrule Banks’s third 
issue.[4]
        Having 
disposed of all of Banks’s issues, we affirm the trial court’s judgment.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DELIVERED: 
August 19, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The Steak House also relied on Banks’s deposition testimony as summary 
judgment evidence. Banks testified that although she had been sitting in the 
chair for an hour or so before it broke, she did not notice anything wrong with 
it or see anything that would put her on notice that it might be unsafe. This 
testimony corroborates Stone’s testimony.
3.  Banks 
relies on Prunty v. Bland to support her contention that Braswell’s 
affidavit is improper “opinion evidence.” 454 S.W.2d 881 (Tex. Civ. 
App.—Houston [1st Dist.] 1970, writ ref’d n.r.e.). Under Burrow v. Arce, 
however, an expert’s opinion testimony can now settle an issue as a matter of 
law. 997 S.W.2d 229, 235 (Tex. 1999).
4.  
In addition, Banks’s counsel conceded at oral argument that this issue is moot 
because Banks has taken a nonsuit against American Tables.