Banks v. River Oaks Steak House

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-363-CV

AUDREY BANKS APPELLANT

V.

RIVER OAKS STEAK HOUSE APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a take-nothing summary judgment in favor of River Oaks Steak House against Audrey Banks.  We will affirm.

While Audrey Banks was eating dinner at River Oaks Steak House (The Steak House) in Fort Worth, Texas, the metal chair she was sitting on suddenly collapsed.  Banks fell to the floor and was injured.  She filed suit against The Steak House, alleging claims for premises liability, and later joined American Tables and Seating Manufacturing, Inc. (American Tables), alleging claims for negligence and products liability.  

The Steak House filed a traditional motion for partial summary judgment contending that it had no actual or constructive knowledge that the chair was unreasonably dangerous.  The trial court granted the motion and severed Banks’s suit against The Steak House, making the summary judgment final and appealable.  Banks later nonsuited American Tables. 

In her first issue, Banks contends that the evidence presented by The Steak House to negate the actual or constructive notice element of her premises liability claim was insufficient to support the summary judgment order because it was opinion evidence by interested witnesses.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999).

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  A plaintiff in a premises liability claim who is an invitee must prove that (1) a condition of the premises created an unreasonable risk of harm, (2) the owner knew or reasonably should have known of the condition, (3) the owner failed to exercise ordinary care to protect the invitee from danger, and (4) the owner’s failure was a proximate cause of injury to the invitee.  
Dallas Mkt. Ctr. Dev. Co. v. Liedeker
, 958 S.W.2d 382, 385 (Tex. 1997), 
overruled on other grounds by Torrington Co. v. Stutzman
, 46 S.W.3d 829 (Tex. 2000).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id
.

If an interested witness offers evidence that is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and which could have been readily controverted, such evidence may form the basis of a summary judgment.  
Tex. R. Civ. P
. 166a(c).  Evidence can be readily controverted when it can be effectively countered by opposing counsel.  
See Casso v. Brand
, 776 S.W.2d 551, 558 (Tex. 1989).

The evidence supporting The Steak House’s motion for summary judgment includes the affidavit of Kevin Stone, Assistant Manager at The Steak House, who was the manager on duty at the time of the incident.  Stone testified that “[a]ll of the metal chairs in the restaurant are inspected daily when the floors are cleaned”; that “[a]t no time before July 3, 2002 did I or any of my staff know or have reason to know that the chair in which Ms. Banks was sitting before she fell was defective or dangerous”; and that he personally inspected the chair after the incident and could not determine the cause of the chair’s failure.  This affidavit testimony is clear, positive, and direct, and contains facts based on personal observations and experience.  
See Brewer v. Capital Cities/ABC, Inc. 
986 S.W.2d 636, 641-42 (Tex. App.—Fort Worth 1998, no pet.).  
The affidavit contains no inconsistencies or contradictions, nor is there any reason to believe that the testimony is not credible.
(footnote: 2)  Therefore, although Stone is an interested witness, his affidavit is competent summary judgment evidence.  
See
 
Tex. R. Civ. P
. 166a(c); 
see also Casso
, 776 S.W.2d at 558.

In addition, The Steak House submitted the affidavit of Dan W. Braswell, a licensed professional engineer.  Braswell testified that he personally inspected the chair in which Banks was sitting after the incident occurred.  He noticed that the weld on the front right leg of the chair was defective, so that the upper portion of the chair did not bind to the right leg of the chair at that point.  He further testified that the defect “was not visible until after the chair failed.”  Braswell also stated that the immediate cause of the chair’s failure was metal fatigue caused by additional stress on the chair due to the defective weld.  He testified that “[m]etal fatigue of this chair’s leg is not and could not be visible to an untrained observer.”  Finally, Braswell concluded, “It is my professional opinion that untrained observers would not know and could not have known about this chair’s condition before it failed.”  

Braswell’s professional opinions were based on his observations and facts about the chair and, when combined with The Steak House’s other summary judgment evidence, conclusively proves that The Steak House had no actual or constructive notice that the chair was unsafe or defective.
(footnote: 3)  We overrule Banks’s first issue.

In Banks’s second issue, she contends that the trial court erred in denying her motion to compel discovery.  However, Banks’s counsel conceded at oral argument that she did not obtain a ruling from the trial court on the motion to compel.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling.  
Tex. R. App. P.
 33.1(a); 
see also 
Tex. R. Evid.
 103(a)(1).  The objecting party must also get an express or implied ruling from the trial court.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  Because Banks failed to present her objection to the trial court and obtain a ruling, she has waived this complaint on appeal.  We overrule Banks’s second issue.

In her third issue, Banks contends that the trial court erred in severing her suit against The Steak House from her claims against American Tables because both parties are jointly and severally liable.  The trial court has broad discretion to sever multiple parties.
  
Tex. R. Civ. P.
 41
;
 Liberty Nat’l Fire Ins. Co. v. Akin
, 927 S.W.2d 627, 629 (Tex. 1996); 
Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.
, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh’g).  If summary judgment in favor of one defendant is proper in a suit involving multiple defendants, then severance of that claim is proper.  
Arredondo v. City of Dallas
, 79 S.W.3d 657, 665 (Tex. App.—Dallas 2002, pet. denied).

The summary judgment in favor of The Steak House was proper.  Therefore, the trial court did not abuse its discretion in severing the claims against The Steak House from those asserted against American Tables.  We overrule Banks’s third issue.
(footnote: 4)
 Having disposed of all of Banks’s issues, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: August 19, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The Steak House 
also relied on Banks’s deposition testimony as summary judgment evidence.  Banks testified that although she had been sitting in the chair for an hour or so before it broke, she did not notice anything wrong with it or see anything that would put her on notice that it might be unsafe.  This testimony corroborates Stone’s testimony.

3:
Banks relies on 
Prunty v. Bland 
to support her contention that Braswell’s affidavit is improper “opinion evidence.”  454 S.W.2d 881 (Tex. Civ. App.—Houston [1st Dist.] 1970, writ ref’d n.r.e.).  Under
 Burrow v. Arce
, however, an expert’s opinion testimony can now settle an issue as a matter of law.  997 S.W.2d 229, 235 (Tex. 1999).

4:
In addition, Banks’s counsel conceded at oral argument that this issue is moot because Banks has taken a nonsuit against American Tables.