# NO. 12-14-00134-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***AMERICAN IDOL, GENERAL, LP D/B/A THE REO, AND RANDY HANSON A/K/A RANDALL HANSON, APPELLANTS*** | *§* | *APPEAL FROM THE 188TH* |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| ***PITHER PLUMBING CO., INC., APPELLEE*** | *§* | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*

American Idol General, LP and Randy Hanson appeal the trial court's summary judgment rendered in favor of Pither Plumbing Co., Inc. In one issue, Appellants argue that the trial court erred in granting summary judgment in Pither's favor and awarding it damages and attorney's fees. We reverse and remand.

## BACKGROUND

On September 14, 2012, Pither filed the instant lawsuit against Appellants alleging that they were liable to him for breach of contract based on their failure to pay for plumbing services performed by Pither at the Reo Palm Isle nightclub. Sometime later, Pither took Hanson's deposition. Subsequently, Pither filed its Second Motion for Summary Judgment. Appellants responded, and in support, relied on an affidavit made by Hanson. Pither filed a reply, in which it moved to strike Hanson's affidavit under the "sham affidavit" doctrine[1] because it contained

---

[1] The "sham affidavit" doctrine has not been universally adopted by the intermediate appellate courts of this state, nor has it been embraced by the Texas Supreme Court. Under the "sham affidavit" doctrine, a party cannot file an affidavit to contradict his own deposition testimony without any explanation for the change in the testimony, for the purpose of creating a fact issue to avoid summary judgment. *See **Farroux v. Denny's Rests., Inc.**,* 962 S.W.2d 108, 111 (Tex. App.–Houston [1st Dist.] 1997, no pet.). If a party's own affidavit contradicts his earlier testimony, the affidavit must explain the reason for the change. *See **id.*** Without an explanation of the change in the

numerous statements that contradicted his prior deposition testimony. Appellants filed a sur reply, in which they argued that the trial court should decline to apply the "sham affidavit" doctrine.

On February 6, 2014, the trial court conducted a hearing on Pither's motion, and at the conclusion of the hearing, it took the matter under advisement. On February 21, 2014, the trial court signed an order granting Pither's motion on its claims for breach of contract, suit on a sworn account, and quantum meruit, and awarded Pither $17,169.48 in damages. The trial court also awarded Pither $7,847.00 in attorney's fees. This appeal followed.

<h2 style="text-align:center">SUMMARY JUDGMENT</h2>

In their sole issue, Appellants argue that the trial court erred in granting summary judgment for Pither and awarding it damages and attorney's fees.

### Standard of Review

We review de novo the trial court's determination on a party's motion for summary judgment. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Palestine Herald–Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). The scope of our review is limited to the summary judgment record upon which the trial court's ruling was based. *Chappell v. Allen*, 414 S.W.3d 316, 321 (Tex. App.–El Paso 2013, no pet.).

---

testimony, the court assumes the sole purpose of the affidavit was to avoid summary judgment, thereby presenting merely a "sham" fact issue. *See id.* This court has not yet applied the "sham affidavit" doctrine under facts similar to those of the instant case.

**Hanson's Affidavit**

Before we address the propriety of the trial court's granting summary judgment, we must determine whether Hanson's affidavit is part of the summary judgment record on which that ruling was based. Defects in the substance of a summary judgment affidavit may be addressed by an appellate court without regard to whether the matter was addressed in the trial court. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.–Dallas 2014, pet. denied). But with regard to a defect in form of a summary judgment affidavit, a party is required to object and obtain a ruling on that objection to preserve error. *See id.* Whether an affidavit constitutes a "sham affidavit" is a contention that there is a defect in form. *See Wolfe v. Devon Energy Prod. Co., LP*, 382 S.W.3d 434, 452 (Tex. App.–Waco 2012, pet. denied) (citing *Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.–Dallas 2006, no pet.)).

In the instant case, Pither objected to Hanson's affidavit as a "sham" and moved to strike it. However, Pither never obtained a ruling on its motion to strike. But Pither urges this court to imply a ruling by the trial court striking the affidavit. *See, e.g.*, *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.–Fort Worth 1999, pet. denied).

In *Frazier*, the Fort Worth court of appeals held that because the trial court granted summary judgment and "stated that it reviewed all competent summary judgment evidence, this create[d] an inference that the court implicitly sustained [the defendant's] objections" to the summary judgment evidence. *Id.* Thus, the court concluded that the defendant's objections had been preserved by an implicit ruling. *See id.*; *see also* TEX. R. APP. P. 33.1(a)(2)(A). But the Fort Worth court of appeals has also held that when a trial court grants summary judgment, this "creates an inference that it implicitly reviewed and overruled [the defendant's] objections" to the summary judgment evidence. *Blum v. Julian*, 977 S.W.2d 819, 823–24 (Tex. App.–Fort Worth 1998, no pet.).

The San Antonio court recognized the divergence in the Fort Worth court's holdings on this issue, and elaborated on the subject as follows:

> [A] ruling on a motion for summary judgment and objections to summary judgment evidence are not alternatives; nor are they concomitants. Neither implies a ruling—or any particular ruling—on the other. In short, a trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on an objection is simply not "capable of being understood" from the ruling on the motion for summary judgment. We therefore reject the reasoning in *Blum* and *Frazier*. We instead align ourselves with the Fourteenth Court of Appeals. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.–

3

Houston [14th Dist.] 2000, [pet. denied]) ("Unlike other courts faced with similar situations, we cannot infer from the record in this case that the trial court implicitly overruled or implicitly sustained appellants' objections.").

*Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.–San Antonio 2000, no pet.).

We agree that the granting of a summary judgment motion, without more, does not provide an implicit ruling that either sustains or overrules objections to the summary judgment evidence. *See also Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 783 (Tex. App.–Dallas 2013, no pet.); *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 663 (Tex. App.–Waco 2002, no pet.). Moreover, we agree with the following statement from *Dolcefino* concerning the "better practice" for trial courts when ruling on summary judgment motions and objections to summary judgment evidence:

> We believe the better practice is for the trial court to disclose, in writing, its rulings on all objections to summary judgment evidence at or before the time it enters the order granting or denying summary judgment. Practitioners should facilitate this procedure by incorporating all parties' objections to summary-judgment evidence in proposed orders granting or denying summary judgment and including a "Mother Hubbard" recitation to encompass any objections not otherwise addressed in the proposed orders . . . . In any context, however, it is incumbent upon the party asserting objections to obtain a written ruling at, before, or very near the time the trial court rules on the motion for summary judgment or risk waiver. *See* TEX. R. APP. P. 33.1(a).

*Dolcefino*, 19 S.W.3d at 926; *Albin*, 97 S.W.3d at 663; *see Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842 (Tex. App.–Dallas 2003, no pet.) ("Evidence that has been objected to remains part of the summary judgment record unless an order sustaining the objection is reduced to writing, signed, and entered of record."). But the "better practice" described in *Dolcefino* was not followed in the instant case, and we cannot conclude from the record before us that the trial court implicitly ruled on Pither's objections.[2] Thus, we hold that Pither failed to preserve error on its objection to Hanson's affidavit. Therefore, the affidavit is subject to consideration as part of the summary judgment record.[3]

---

[2] To the contrary, the trial court's order granting summary judgment states that the trial court considered Appellant's response to Pither's motion for summary judgment. Appellant's response relied, in part, on Hanson's affidavit.

[3] Pither further argues that in our de novo review of the trial court's summary judgment, this court may independently disregard Hanson's affidavit under the "sham affidavit" doctrine. We disagree. We may address defects in the substance of a summary judgment affidavit without regard to whether such matters were addressed by the trial court. *See Brown*, 145 S.W.3d at 751. But we may not address alleged defects in form where the party has failed to preserve its objection thereon. *See Wolfe*, 382 S.W.3d at 452; *Hogan*, 197 S.W.3d at 883.

**Issues of Fact Precluding Summary Judgment**

In its motion, Pither made a prima facie showing that it was entitled to judgment as a matter of law on its claims for breach of contract, suit on a sworn account, and, alternatively, quantum meruit. Pither concedes in its brief that if Hanson's affidavit is admitted, summary judgment is not proper. Nonetheless, we must consider whether the summary judgment record contains evidence indicating that there is a genuine issue of material fact.

*Breach of Contract*

The elements for breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. ***Paragon Gen. Contractors, Inc. v. Larco Const., Inc.***, 227 S.W.3d 876, 882 (Tex. App.–Dallas 2007, no pet.). The following elements are required for the formation of a valid and binding contract: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. ***Critchfield v. Smith***, 151 S.W.3d 225, 233 (Tex. App.–Tyler 2004, pet. denied). Consideration is also a fundamental element of every valid contract. ***Id***. "In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications." ***Id***.

In its motion for summary judgment, Pither argued that it had an oral agreement with Appellants whereby it would provide plumbing services and Appellants would pay for those services. Specifically, Pither contended as follows:

> These agreements primarily arose based on conversations between agents for [Pither] and agents for [Appellants]. C.J. Broers, an employee of the Reo, and Randy Hanson would call to have work done at The Reo, for which [Pither] would provide an estimate. Subsequently, once the work was completed, [Pither] would send the invoices to [Appellants], giving Randy Hanson or anyone else associated with The Reo the opportunity to dispute the charges. Finally, Randy Hanson received monthly reports regarding expenses and income of the business and payments made by The Reo to its creditors and never inquired or contested the invoices sent by [Pither].

To the contrary, Hanson states in his affidavit as follows:

> The club commonly known as[] "The Reo" was a tenant of Max Singleton during the relevant time period.
>
> American Idol General, LP has never owned the property called "the Reo Palm Isle Club" located at 4716 W. Loop 281, Longview, Texas.

American Idol General, LP did not operate the club known as "The Reo" during the relevant time period from January 18, 2010 through January 12, 2012.

American Idol General, LP was not affiliated with the property called "The Reo Palm Isle Club" located at 4716 W. Loop 281, Longview, Texas.

American Idol General, LP had no employees during the relevant time period from January 18, 2010 through January 12, 2012.

American Idol General, LP existed solely to hold the liquor license for the club commonly known as "The Reo."

. . . .

American Idol General, LP never received services from Pither Plumbing Co., Inc. It could not have requested or received services[] as it only held a liquor license.

C.J. BROERS was not an employee of American Idol General, LP.

C.J. BROERS had no authority to enter into construction contracts on behalf of American Idol General, L.P.

American Idol General, LP, nor any agent of American Idol General, LP, including RANDALL HANSON or C.J. BROERS, ever entered into an agreement with Pither Plumbing Co., Inc. regarding plumbing services that were purported to be performed at "Reo Palm Isle Club" [] located at 4716 W. Loop 281, Longview, Texas.

American Idol General, LP never received invoices from [Pither] regarding the plumbing services that were purported to be performed at "Reo Palm Isle Club"[] located at 4716 W. Loop 281, Longview, Texas.

. . . .

BRKA, INC[.] is a contracting company, and C.J. Broers was an agent of BKRA, Inc.

Having taken as true the statements made in Hanson's affidavit, having indulged every reasonable inference from the evidence in Appellants' favor, and having resolved any doubts in Appellants' favor, we conclude that there is a genuine issue of material fact concerning whether there existed a valid contract between the parties.

*Suit on a Sworn Account*

The elements necessary to prove Pither's suit on sworn account against Appellants are (1) a sale and delivery of goods or services, (2) the charges on the account are just, *i.e.*, the prices are charged in accordance with an agreement or, in the absence of an agreement, are the usual, customary and reasonable prices for that good or service, and (3) the amount remains unpaid. *See **Andrews v. E. Texas Med. Ctr.-Athens***, 885 S.W.2d 264, 266 (Tex. App.–Tyler 1994, no writ).

6

In the instant case, Pither argued in its motion for summary judgment that on certain specified dates between January 18, 2010, and January 12, 2012, it rendered professional plumbing services and furnished materials in connection therewith for and to "The Reo." Pither further argued that, typically, Hanson or Broers would call and ask for work to be completed, the plumbers would complete the work, and Pither would send the invoices for the work done. However, as set forth previously, Hanson's affidavit states that American Idol did not operate the club known as "The Reo" during the relevant time period and was not affiliated with the property called "The Reo Palm Isle Club." His affidavit further states that American Idol had no employees during this time period and existed solely to hold the liquor license for "The Reo." Finally, Hanson states in his affidavit that American Idol never received services from Pither, and neither American Idol, nor any agent thereof, including Hanson or Broers, entered into an agreement with Pither regarding plumbing services that were purportedly performed at "Reo Palm Isle Club."

Having considered Hanson's statements in his affidavit in the requisite manner, we conclude that there is a genuine issue of material fact concerning whether there was a sale and delivery of plumbing services to an entity connected to Appellants.[4]

*Quantum Meruit*

Quantum meruit is an equitable remedy based upon an implied promise to pay for benefits received. *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 634 (Tex. App.–Houston [14th Dist.] 2005, pet. denied); *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *see Myrex Indus., Inc. v. Ortolon*, 126 S.W.3d 548, 550 (Tex. App.–Houston [14th Dist.] 2003, pet. denied). In order to prove quantum meruit, a party must show that (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged and used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990); *Clear Lake City Water Auth. v. Kirby Lake Dev., Ltd.*, 123 S.W.3d 735, 753 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).

---

[4] Appellants also argue that Pither failed to properly plead this issue. Because we have determined that Appellants' summary judgment evidence creates a genuine issue of material fact, we do not address their argument concerning Pither's allegedly inadequate pleadings.

Here, Pither argued in its motion for summary judgment that it rendered valuable services to Appellants in the form of plumbing services performed at "The Reo." Having considered Hanson's aforementioned statements in his affidavit in the requisite manner, we conclude that there is a genuine issue of material fact concerning whether Pither rendered valuable plumbing services to an entity connected to Appellants. Moreover, Hanson's affidavit creates a genuine issue of material fact with regard to whether Appellants accepted any such services.[5]

## Summation

We have determined that Appellants' summary judgment evidence raised a genuine issue of material fact with regard to one or more elements of each of the causes of action upon which Pither sought summary judgment. Therefore, we hold that the trial court erred in rendering summary judgment in Pither's favor. Furthermore, because the trial court erred in granting summary judgment on liability, it further erred in awarding damages and attorney's fees to Pither. Appellants' sole issue is sustained.

### DISPOSITION

Having sustained Appellants' sole issue, we *reverse* the trial court's judgment and *remand* the matter to the trial court for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[5] *See* n.4.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NO. 12-14-00134-CV**

**AMERICAN IDOL, GENERAL, LP D/B/A THE REO, AND
RANDY HANSON A/K/A RANDALL HANSON,**
Appellants
V.
**PITHER PLUMBING CO., INC.,**
Appellee

Appeal from the 188th District Court

of Gregg County, Texas (Tr.Ct.No. 2012-1842-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** and that all costs of this appeal are hereby adjudged against the Appellee, **PITHER PLUMBING CO., INC.,** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*